## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————X

**U.S. Bank Trust, N.A., as Trustee for**
**LSRMF MH Master Participation Trust II,**
          **Plaintiff,**


**v.**                                                                    **Civil Action No.**

**Richard J. Coffin,**                                      **VACANT PROPERTY:**
          **Defendant,**                                 **10 Belleview Avenue**
                                                                        **Marlborough, MA 01752**


**and**

**Bank of America, National Association,**
          **Party-in-Interest.**

—————————————————————X

## COMPLAINT

        NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master

Participation Trust II ("U.S. Bank"), by and through its attorneys, Doonan Graves and Longoria

LLC, hereby files this Complaint for judicial foreclosure with respect to the property located at 10

Belleview Avenue, Marlborough, MA 01752 (the "Property"). U.S. Bank advances its complaint

by alleging the following:

## PARTIES

1.        U.S. Bank is a wholly owned subsidiary of U.S. Bancorp, a bank holding company

          organized and existing under the laws of Delaware with a principal place of business at

          1761 Saint Andrew Place, Santa Ana, CA  92705.

2.        Richard J. Coffin ("Defendant") is an individual who, upon information and belief,

          currently resides 44 Ahlgren Circle, Marlborough, MA**.**

3.        Bank of America, National Association ("BOA") is a national bank organized and existing

under the laws of the United States of America with its headquarters located at 100 N Tryon

Street, Charlotte, NC. BOA is the successor-by-merger to FIA Card Services, N.A., which

is the holder of an Execution on the Property recorded with the Middlesex County

(Southern District) Registry of Deeds in Book 54054, Page 584.

## JURISDICTION

4.   This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity)

because the Plaintiff and Defendant are citizens of different states and the amount in

controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00)

dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the

United States may issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law; further any court of the

United States, upon the filing of an appropriate pleading, may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not further relief

is or could be sought under 28 U.S.C. § 2201.

5.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the

object of this litigation is the mortgage loan, currently owned by U.S. Bank, of which the

Defendant is the obligor/mortgagor, and the total amount owed under the terms thereof is

in excess of three hundred eighty thousand nine hundred ninety-eight and 05/100

($380,998.05) dollars, plus attorney fees and costs associated with the instant action and

foreclosure. Further, the subject mortgage loan was secured by the Property, of which U.S.

Bank seeks a Judgment of Foreclosure in the instant action, and which is valued at

approximately three hundred fifty thousand and 00/100 ($350,000.00). Thus, the amount

in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00)

dollars.

6.     Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to U.S. Bank's claims transpired in Massachusetts and the property is located in Massachusetts.

## FACTUAL ALLEGATIONS

7.     On November 21, 2006, the Defendant executed and delivered a Promissory Note in favor of Gateway Funding Diversified Mortgage Services, LP ("Gateway"), in the amount of two hundred forty-five thousand and 00/100 ($245,000.00) ("Coffin Note").[1]

8.     U.S. Bank is the holder/owner of the Coffin Note, which is endorsed in blank.[2]

9.     To secure the debt evidenced by the Coffin Note, the Defendant gave a Mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Gateway, dated November 21, 2006, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 48551, Page 45 ("Coffin Mortgage").[3]

10.    The terms of the Coffin Mortgage Loan were modified by virtue of a Loan Modification Agreement dated as of November 6, 2010.[4]

11.    On May 27, 2011, the Defendant filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code.[5]

12.    On September 9, 2011, the Defendant obtained a Discharge in his Chapter 7 bankruptcy.[6]

13.    The Coffin Mortgage was assigned from MERS to BOA, successor-by-merger to BAC

---

[1] *See* Exhibit A (a true and correct copy of the original Coffin Note is attached hereto and incorporated herein).
[2] *See* Exhibit A.
[3] *See* Exhibit B (a true and correct copy of the Coffin Mortgage is attached hereto and incorporated herein).
[4] *See* Exhibit C (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).
[5] *See* Exhibit D (a true and correct copy of the Docket in Chapter 7 Petition No. 11-42278 is attached hereto and incorporated herein).
[6] *See* Exhibit E (a true and correct copy of the Discharge is attached hereto and incorporated herein).

Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated February 24, 2012, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 58566, at Page 486 ("BOA Assignment").[7]

14.   The Defendant defaulted under the terms of the modified Coffin Mortgage Loan as a result of his failure to make the March 1, 2012, payment and all subsequent payments due thereunder.[8]

15.   The Coffin Mortgage was further assigned from BOA, successor-by-merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 14, 2015, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 65330, at Page 559 ("Fannie Mae Assignment").[9]

16.   The Coffin Mortgage was assigned from Federal National Mortgage Association to U.S. Bank by virtue of an Assignment of Mortgage dated January 28, 2020, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 74054, at Page 51 ("U.S. Bank Assignment").[10]

17.   As a result of his default, on March 11, 2020, Caliber Home Loans, Inc. ("Caliber"), the authorized servicer of the Coffin Mortgage Loan sent the Defendant a 90-day Notice of Right to Cure pursuant to G.L. c. 244, § 35A and the terms of the Coffin Mortgage Loan Contract ("Notice of Right to Cure").[11]

---

[7] *See* Exhibit F (a true and correct copy of the BOA Assignment is attached hereto and incorporated herein).
[8] *See* Exhibit G (a true and correct copy of the Notice of Right to Cure is attached hereto and incorporated herein).
[9] *See* Exhibit H (a true and correct copy of the Fannie Mae Assignment is attached hereto and incorporated herein).
[10] *See* Exhibit I (a true and correct copy of the U.S. Bank Assignment is attached hereto and incorporated herein).
[11] *See* Exhibit G.

18.    On March 11, 2020, together with the Notice of Right to Cure, Caliber sent the Defendant a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, § 35B ("Section 35B Notice").[12]

19.    The Defendant failed to cure his default by the June 9, 2020, deadline set forth in the Notice of Right to Cure, and the Coffin Mortgage Loan was referred to foreclosure.

20.    On August 12, 2020, U.S. Bank, through the office of the undersigned counsel, conducted an on-site inspection of the Property.[13]

21.    Based upon the observations at the August 12, 2020, on-site inspection, the Property is confirmed to be vacant.[14]

## COUNT I
## SERVICEMEMBERS CIVIL RELIEF ACT

22.    U.S. Bank repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23.    A search of the Department of Defense Manpower Data Center online records, conducted on June 11, 2020, indicates that the Defendant is not currently on active duty with the United States Military.[15]

24     As such, the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

25.    The Plaintiff seeks a judicial determination that the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

---

[12] *See* Exhibit G, p. 14.
[13] *See* Exhibit J (a true and correct copy of the Affidavit of Patrick D. Beaton, Esq. is attached hereto and incorporated herein).
[14] *See* Exhibit H.
[15] *See* Exhibit K (a true and correct copy of the Search Results from the Department of Defense Manpower Data Center is attached hereto and incorporated herein).

## COUNT II
## CONDITIONAL JUDGMENT

26.     The Plaintiff repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27.     The Property was determined to be vacant as of August 12, 2020.[16]

28.     Because it is vacant, the Property is not subject to the foreclosure moratorium established under Chapter 65 of the Acts of 2020.[17]

29.     The Defendant is in default under the terms of the Coffin Mortgage Loan Contract as a result of his make the March 1, 2012, payment and all subsequent payments due thereunder.[18]

30.     The Defendant's default constitutes a material breach of the Coffin Mortgage Loan Contract.[19]

31.     U.S. Bank is the mortgagee of the Coffin Mortgage.[20]

32.     U.S. Bank is the holder/owner of the Coffin Note.[21]

33.     As a result of the Defendant's default, U.S. Bank is entitled to foreclose the Coffin Mortgage Loan by sale of the Property.[22]

34.     Pursuant to G.L. c. 244, §§ 3 & 11, this Court should award a Conditional Judgment authorizing U.S. Bank to sell the Defendant's interest in the Property pursuant to the statutory power of sale incorporated into the Coffin Mortgage Contract.

---

[16] *See* Exhibit J.
[17] *See* An Act Providing for a Moratorium on Evictions and Foreclosures During the COVID-19 Emergency, 2020 Mass. Legis. Serv. Ch. 65 § 5(a) (WEST Apr. 20, 2020).
[18] *See* Exhibit E\G.
[19] *See* Exhibits A, B, C & G.
[20] *See* Exhibits B, F, H & I.
[21] *See* Exhibit A.
[22] *See* Exhibit B, ¶ 22.

## <u>COUNT III</u>
## FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

35.     The Plaintiff repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36.     As the Property is vacant, it is not subject to the foreclosure moratorium established under Chapter 65 of the Acts of 2020.[23]

37.     U.S. Bank alleges on information and belief that the Defendant is the only person holding an equity of redemption in the Property covered by the Coffin Mortgage so far as appears in the Middlesex County (Southern District) Registry of Deeds and as known to the Plaintiff.

38.     The Coffin Mortgage incorporates the statutory power of sale, found at G.L. c. 183, § 21, by reference.[24]

39.     The Defendant is in default under the terms of the Coffin Mortgage Loan Contract as a result of his failure to satisfy his payment obligations thereunder.

40.     Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the Coffin Mortgage, upon the entry of a Conditional Judgment in his favor, U.S. Bank seeks to proceed with a foreclosure sale of the Defendant's interest in the Property due to his default.

41.     Pursuant to G.L. c. 244, 11, upon entering a conditional judgment in favor of U.S. Bank, the Court should order the Defendant's interest in the Property sold pursuant to the statutory power of sale found at G.L. c. 183, § 21.

WHEREFORE, U.S. Bank requests that this Court:

1.      Find that the Defendant is not entitled to the benefit of the Servicemembers Civil Relief Act;

---

[23] *See* 2020 Mass. Legis. Serv. Ch. 65 § 5(a).
[24] *See* Exhibit B, ¶ 22.

2.      Enter a Conditional Judgment in favor of U.S. Bank;

3.      Order the Defendant's interest in the Property sold pursuant to the statutory power of sale

found at G.L. c. 183, § 21 as incorporated within the terms of the Coffin Mortgage Contract

4.      For such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

U.S. Bank Trust, N.A., as Trustee for LSRMF MH
Master Participation Trust II,
By its attorneys,

Dated: August 24, 2020                /s/ Reneau J. Longoria, Esq._____
Reneau J. Longoria, Esq. (BBO #635118)
Brian C. Linehan, Esq. (BBO #690437)
Patrick D. Beaton, Esq. (BBO #661215)
Elizabeth W. Dailey, Esq. (BBO #562178)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com