UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X

U.S. Bank Trust, N.A., as Trustee for
LSRMF MH Master Participation Trust II,
    Plaintiff,

v.                                                                              Civil Action No. 20-CV-40106-DJC

Richard J. Coffin,                                                  VACANT PROPERTY:
    Defendant,                                              10 Belleview Avenue
                                                                         Marlborough, MA 01752

and

Bank of America, National Association,
    Party-in-Interest.

_____X

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
### MOTION FOR DEFAULT JUDGMENT

I, Reneau J. Longoria, Esq., being associated with the law firm of Doonan, Graves & Longoria, LLC, ("DG&L") attorneys of record for U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II ("U.S. Bank"), the Plaintiff in the above-entitled action, respectfully submits this Affidavit in support of the U.S. Bank's Motion for Default Judgment and hereby avers that:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts, and I am a member of the Bar of this Court.

2. I submit this Affidavit in support of U.S. Bank's Motion for Default Judgment.

3. The Complaint in this action was filed in the United States District Court for the District of Massachusetts on August 24, 2020. *See* ECF Dkt. No. 1.

4. The Defendant is of full age and is not in the armed services of the United States of

U.S. Bank Trust, N.A., as Trustee v. Richard J. Coffin
10 Belleview Avenue, Marlborough, MA
DG&L File No.: 56463                                      1

America.

5. The Defendant is not of unsound mind and is not absentee.

6. More than the legally required time period has elapsed since the due service of the Summons and Complaint herein upon the Defendant as appears by the proof of services thereof attached thereto:

   (a) Richard J. Coffin was served with a true and attested copy of the Summons and Complaint on August 31, 2020. *See* Return of Service, ECF Dkt. No. 6.

7. The time for the Defendant to appear, answer or otherwise move with respect to the Complaint has not been extended by stipulation, Order of the Court, or otherwise.

8. The time for the Defendant to appear and answer has expired.

9. As a result, U.S. Bank is requesting that Default Judgment be entered against the Defendant.

10. All of the proceedings herein have been regular and in conformity with the rules and practice of this Court.

11. The foregoing is based on the Complaint signed by the undersigned, a person with personal knowledge of the facts, which was obtained based upon my review of the public records as well as the business records of DG&L relative the servicing and foreclosure of the subject mortgage loan, which records were made and maintained in the regular and ordinary course of business of DG&L at or near the time of the act, condition or event to which they relate, by persons employed by DG&L who had a business duty to U.S. Bank and Caliber Home Loans, Inc. ("Caliber"), the authorized servicer of the subject mortgage loan, to accurately and completely take, make and maintain such records and documents, which were (a) made in good faith; (b) made at or near the time of the

occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (c) kept in the course of my firm's regularly conducted business activities; and (d) it is the regular practice of my firm to make and keep such records, which set forth that:

(a) On November 21, 2006, the Defendant executed and delivered a Promissory Note ("Coffin Note") in the amount of $245,000.00 to Gateway Funding Diversified Mortgage Services, LP ("Gateway"), *see* Compl., Exhibit A, ECF Dkt. No. 1-1;

(b) U.S. Bank is the holder/owner of the Coffin Note, which is endorsed in blank, *see* Compl., Exhibit A, ECF Dkt. No. 1-1;

(c) To secure the debt evidenced by the Coffin Note, the Defendant gave a Mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Gateway, dated November 21, 2006 and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 48551, Page 45 ("Coffin Mortgage"), *see* Compl., Exhibit B, ECF Dkt. No. 1-1;

(d) The terms of the Coffin Mortgage Loan were modified by virtue of a Loan Modification Agreement dated as of November 6, 2010, *see* Compl., Exhibit C, ECF Dkt. No. 1-1;

(e) The Coffin Mortgage was assigned from MERS to Bank of America, National Association, successor-by-merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("Bank of America"), by virtue of an Assignment of Mortgage dated February 24, 2012, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 58566, at Page

486, *see* Compl., Exhibit F, ECF Dkt. No. 1-1;

(f) The Defendant defaulted under the terms of the modified Coffin Mortgage Loan as a result of his failure to make the March 1, 2012, payment and all subsequent payments due thereunder, *see* Compl., Exhibit G, ECF Dkt. No. 1-1;

(g) The Coffin Mortgage was further assigned from Bank of America to Federal National Mortgage Association ("Fannie Mae") by virtue of an Assignment of Mortgage dated April 14, 2015, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 65330, at Page 559, *see* Compl., Exhibit H, ECF Dkt. No. 1-1;

(h) The Coffin Mortgage was assigned from Fannie Mae to U.S. Bank by virtue of an Assignment of Mortgage dated January 28, 2020, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 74054, at Page 51, *see* Compl., Exhibit I, ECF Dkt. No. 1-1;

(i) As a result of his default, on March 11, 2020, Caliber Home Loans, Inc. ("Caliber"), the authorized servicer of the Coffin Mortgage Loan sent the Defendant a 90-day Notice of Right to Cure pursuant to G.L. c. 244, § 35A and the terms of the Coffin Mortgage Loan Contract ("Notice of Right to Cure"), *see* Compl., Exhibit G, ECF Dkt. No. 1-1;

(j) On March 11, 2020, together with the Notice of Right to Cure, Caliber sent the Defendant a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, § 35B, *see* Compl., Exhibit G p. 12, ECF Dkt. No. 1-1;

(k) The Defendant failed to cure his default by the June 9, 2020, deadline set forth in the Notice of Right to Cure, and the Coffin Mortgage Loan was referred to

foreclosure;

(l) On August 12, 2020, U.S. Bank, through the office of the undersigned counsel, conducted an on-site inspection of the Property, *see* Compl., Exhibit J, ECF Dkt. No. 1-1;

(m) Based upon the observations at the August 12, 2020, on-site inspection, the Property is confirmed to be vacant, *see* Compl., Exhibit J, ECF Dkt. No. 1-1;

(n) Because the Property is vacant, it is not subject to the foreclosure moratorium established under Chapter 65 of the Acts of 2020. *See* An Act Providing for a Moratorium on Evictions and Foreclosures During the COVID-19 Emergency, 2020 Mass. Legis. Serv. Ch. 65 § 5(a) (WEST Apr. 20, 2020);

(o) As a result of the Defendant's default under the terms of the Coffin Mortgage Loan Contract, upon the entry of a Conditional Judgment in its favor, U.S. Bank is entitled to foreclose by exercise of the statutory power of sale incorporated into the Coffin Mortgage Contract, *see* Compl., Exhibit B p. 11, ¶ 22, ECF Dkt. No. 1-1;

12. Based upon the foregoing, U.S. Bank is entitled to:

(a) A Declaratory Judgment that the Defendant is not on active duty with the United States Military or otherwise entitled to the benefit of the Servicemembers Civil Relief Act;

(b) A Conditional Judgment pursuant to G.L. c. 244, §§ 3 & 11; and

(c) An Order authorizing the sale of the Property pursuant to G.L. c. 244, § 11 and G.L. c. 183, § 21.

THIS AFFIDAVIT IS EXECUTED UNDER THE PAINS AND PENALTIES OF PERJURY.

Dated: Sept 30, 2020

Reneau J. Longoria, Esq. (BBO #635118)
DOONAN, GRAVES & LONGORIA, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com

Commonwealth of Massachusetts
County of Essex

On this 30th day of Sept, 2020, before me, the undersigned notary public, personally appeared Reneau J. Longoria, Esq., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge or belief.

Witness my hand and official seal.

Notary signature: Elizabeth W Dailey
My commission expires: 8/26/27

